Citation Nr: 1528197 
Decision Date: 06/30/15 Archive Date: 07/09/15

DOCKET NO. 13-33 992A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Los Angeles, California


THE ISSUES

1. Entitlement to service connection for bilateral hearing loss.

2. Entitlement to service connection for tinnitus.


REPRESENTATION

Appellant represented by: California Department of Veterans Affairs


ATTORNEY FOR THE BOARD

Tahirih S. Samadani, Counsel


INTRODUCTION

The Veteran had active duty from July 1950 to May 1954. 
This matter comes before the Board of Veterans' Appeals (Board) from a June 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Los Angeles, California.

The Veteran's claims file is a "paperless" claims file. All records in the Veteran's case are maintained in Virtual VA and Veterans Benefits Management System (VBMS).

When this case was most recently before the Board in October 2014, it was remanded for further development. It is now before the Board for further appellate action.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

As an initial matter, the Board observes that a remand by the Board imposes upon the Secretary of the VA a concomitant duty to ensure compliance with the terms of the remand. Where the remand orders of the Board are not complied with, the Board errs in failing to insure compliance. Stegall v. West, 11 Vet. App. 268 (1998).

In October 2014, the Board remanded the Veteran's claim for further development, including obtaining VA treatment records, personnel records, and VA opinion.

Although personnel records were obtained, no VA records have been obtained or associated with the claim file. There is also no evidence showing that the RO attempted to obtain VA records. In the October 2014 remand, the Board found that there were treatment records that had been reviewed by the July 2014 examiner but not associated with claims file. Specific records noted by the July 2014 VA examiner included records from Loma Linda Healthcare System dated in December 2011, March 2012, and April 2012. The Board finds that that the RO did not comply with the Board remand stipulations. These records should be obtained and associated with the claims file.

A new opinion was obtained in January 2015. The examiner found there to be no evidence of hearing loss related to the military service during active duty, at separation or 1-year after separation. The examiner noted that there was no verifiable noise injury for the left or right ear. She opined that it was less likely as not that current hearing loss was due to history of noise exposure during active service. The examiner did not consider the Veteran's statements that although his Military Occupational Specialty was a musician; he reported that he was assigned as a corpsman assistant at the 5" 38 open gun mount. He was not given any hearing protection. He reported that the noise of the guns in service caused his ears to ring for two weeks. Furthermore, newly obtained personnel records show that the Veteran's DD 214 notes that he received a Korean Service Medal with four engagement stars. His personnel records note that he received a citation for exceptionally meritorious service during operations against enemy aggressor forces in Korea which inflicted extensive damage and destruction upon enemy lines. The January 2015 examiner also noted that she was unable to provide an opinion of whether the otitis externa of the left ear diagnosed during service caused the Veteran's current hearing loss and that a non-audiological evaluation was needed. For these reasons, the Board finds the January 2015 opinion to be inadequate.

Accordingly, the case is REMANDED for the following action:

1. Provide the Veteran notice of what is needed to show service-connection on a secondary basis as the July 2014 examiner found that tinnitus was secondary to hearing loss.

2. Obtain all VA treatment records for the Veteran pertaining to hearing loss and tinnitus, including records from the VA Loma Linda Healthcare System and associate them with the claims file. Specifically, records dated in December 2011, March 2012, and April 2012 should be obtained and associated with the claims file.

3. After the above development has been completed, obtain an opinion from a VA Ears, Nose and Throat physician, regarding whether it is at least as likely as not (i.e., probability of 50 percent or greater) that any currently present hearing loss or tinnitus is causally related to service, to include as a result of otitis externa of the left ear noted in his service treatment records. The examiner should be requested to review the history. 

The rationale for any opinions should also be provided.

An examination should only be given to the Veteran is the physician finds that one is necessary. If the physician is unable to offer any of the requested opinions, it is essential that he offer a rationale for the conclusion that an opinion cannot be provided without resort to speculation, together with a statement as to whether there is additional evidence that might enable an opinion to be provided, or whether the inability to provide the opinion is based on the limits of medical knowledge. See Jones v. Shinseki, 23 Vet. App. 382 (2010).

4. After item #1 and #2 has been completed, ask an audiologist to provide an opinion addressing the nature and etiology of the Veteran's claimed hearing loss and tinnitus disabilities. 

The examiner should provide an opinion regarding whether it is at least as likely as not (i.e., probability of 50 percent or greater) that any currently present hearing loss or tinnitus developed in service or is otherwise causally related to service, to include as a result of noise exposure. 

In rendering the above opinions, the examiner is advised that the absence of in-service evidence of a hearing disability during service is not always fatal to a service-connection claim. See Ledford v. Derwinski, 3 Vet. App. 87.89 (1992). Evidence of a current hearing loss disability and a medically sound basis for attributing that disability to service may serve as a basis for a grant of service connection for hearing loss where there is credible evidence of acoustic trauma due to significant noise exposure in service, post-service audiometric findings meeting the regulatory requirements for hearing loss disability for VA purposes, and a medically sound basis upon which to attribute the post-service findings to the injury in service. See Hensly v. Brown, 5 Vet. App. 155, 159 (1993). 

The examiner is advised that the Veteran is competent to report exposure to noise in service, regardless of the contents of the service treatment records, and that the Veteran's reports must be considered. 

The audiologist is directed to the Veteran's statements that although his Military Occupational Specialty was a musician, he was assigned as a corpsman assistant at the 5" 38 open gun mount. He was not given any hearing protection. He reported that the noise of the guns in service caused his ears to ring for two weeks. Furthermore, newly obtained personnel records show that the Veteran's DD 214 notes that he received a Korean Service Medal with four engagement stars. His personnel records note that he received a citation for exceptionally meritorious service during operations against enemy aggressor forces in Korea which inflicted extensive damage and destruction upon enemy lines.

The rationale for any opinions should also be provided.

An examination should only be given to the Veteran is the audiologist finds that one is necessary. If the audiologist is unable to offer any of the requested opinions, it is essential that she offer a rationale for the conclusion that an opinion cannot be provided without resort to speculation, together with a statement as to whether there is additional evidence that might enable an opinion to be provided, or whether the inability to provide the opinion is based on the limits of medical knowledge. See Jones v. Shinseki, 23 Vet. App. 382 (2010).

5. The Veteran is hereby notified that it is his responsibility to report for any examination that is scheduled, and to cooperate in the development of the claim. The consequences for failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158, 3.655.

6. Upon completion of the examinations or opinions ordered above, review the examination reports to ensure that they address the questions presented. Any inadequacies should be addressed prior to recertification to the Board.

7. Readjudicate the Veteran's claims, with application of all appropriate laws, regulations, and case law, and consideration of any additional information obtained as a result of this remand. If the decision remains adverse to the Veteran, he and his representative should be furnished a supplemental statement of the case and afforded an appropriate period of time within which to respond thereto. 

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
S. S. TOTH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).